IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

_____
                                   )
**BRADLEY WILLCOX, FRANK DOMINICK,** )
**and MICHELE SHERIE DOMINICK,**    )
                                   )
            Plaintiffs,            )
                                   )
v.                                 ) Civ. No. 13-00508 ACK-RLP
                                   )
**LLOYDS TSB BANK, PLC and DOES**   )
**1-15,**                           )
                                   )
            Defendants.            )
_____)

### ORDER DENYING DEFENDANT'S MOTION TO COMPEL PLAINTIFFS TO PRESENT A TRIAL PLAN

For the reasons set forth below, the Court DENIES Defendant Lloyds TSB Bank plc's (now known as Lloyds Bank plc) ("Lloyds" or "Defendant") Motion to Compel Plaintiffs to Present a Trial Plan ("Motion").  ECF No. 444.

### BACKGROUND

The instant case involves the issuance by Lloyds of certain dual currency loans, also referred to as International Mortgage System ("IMS") loans.  The Court and the parties are familiar with the extensive factual and procedural history of this case, and the Court will not repeat it here except as necessary.

On March 27, 2015, Plaintiffs filed the operative Third Amended Complaint ("TAC").  ECF No. 100.  The TAC names Frank Dominick, Michele Sherie Dominick, and Bradley Willcox

- 1 -

(collectively, "Plaintiffs") as class representatives and brings claims against Lloyds for Breach of Contract (Count I) and Breach of an Implied Term Limiting Lloyds' Discretion to Change the Interest Rate (Count II).  Id. ¶¶ 6-8, 55-72.

Trial in this case is set to commence on October 18, 2016, with jury selection to be held on October 13, 2016.  ECF No. 438.

## I.  Class Certification and Rule 23(f) Petition

On July 15, 2015, Plaintiffs filed a Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23. ECF No. 156.  After briefing and oral argument from the parties, Magistrate Judge Puglisi issued his Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for Class Certification ("F&R") on November 12, 2015.  ECF No. 317.  The F&R recommended: (1) certifying the instant case as a class action; (2) appointing Willcox (but not the Dominicks) as class representative; (3) appointing Alston Hunt Floyd & Ing and Steptoe & Johnson LLP as class counsel; (4) directing the parties to meet and confer regarding notice to class members; (5) denying any remaining relief requested in Plaintiffs' class certification motion; and (6) defining the certified class as:

> All persons and entities who entered prior to August 2009 into an IMS loan with Lloyds that contained a Hong Kong choice-of-law provision and an interest rate provision based upon Cost of Funds and who are, or

>     were at any time during entering into such
>     an IMS loan, residents or citizens of the
>     State of Hawaii, or owners of property in
>     Hawaii that was mortgaged to secure any such
>     IMS loan.

Id. at 31-32.  Lloyds filed objections to the F&R on November 25, 2015, ECF No. 332, to which Plaintiffs filed a Response on December 9, 2015, ECF No. 335.  The parties also submitted supplemental Reply and Sur-Reply briefs on December 17, 2015 and December 28, 2015, respectively.  ECF Nos. 337, 340.

On January 8, 2016, the Court issued an Order Adopting in Part, Rejecting in Part, and Modifying in Part the Findings and Recommendations to Grant in Part and Deny in Part Plaintiffs' Motion for Class Certification ("Class Certification Order").  ECF No. 366.  For the reasons explained therein, the Court adopted the F&R over Lloyds' objections, except as to the class definition, which the Court modified to include only plaintiffs of United States and Canadian citizenship.

On January 22, 2016, pursuant to Federal Rule of Civil Procedure 23(f), Lloyds filed with the Ninth Circuit a Petition for Permission to Appeal the Class Certification Order ("Rule 23(f) Petition").  ECF No. 397.  Plaintiffs filed an Opposition to the Rule 23(f) Petition on February 1, 2016.  9th Cir., No. 16-80009, ECF No. 4.  On May 16, 2016, the Ninth Circuit issued its Order denying the Rule 23(f) Petition.  ECF No. 430.

**II. Motion to Compel Trial Plan**

On July 13, 2016, Lloyds filed the instant Motion asking the Court to issue an order requiring Plaintiffs "to present a trial plan illustrating the expected course of proceedings at trial and showing that the requirements for maintaining this case as a class action under Rule 23 are met." Motion at 2.

Plaintiffs filed a Memorandum in Opposition to Lloyds' Motion ("Opposition") on July 29, 2016, ECF No. 455, and Lloyds filed a Reply in support of its Motion on August 5, 2016, ECF No. 465.

## DISCUSSION

In its Motion, Lloyds requests this Court to enter an order requiring Plaintiffs to submit a trial plan identifying, *inter alia*:

> (1) the proposed structure of trial []including but not limited to the witnesses Plaintiffs intend to call (and whether they will be called live or via deposition testimony), the number of hours each witness is estimated to testify, and other evidence Plaintiffs intend to rely upon in their case-in-chief; (2) the proposed methodology for proving both liability and damages on a classwide basis; and (3) whether or not the Dominicks intend to proceed on their individual claims, and whether Plaintiffs intend to bifurcate the Dominicks' claims from those of the class.

Motion at 6-7.

Lloyds draws support for its request from a 2003 Advisory Committee Note to Federal Rule of Civil Procedure 23, which states, "A critical need is to determine how the case will be tried.  An increasing number of courts require a party requesting class certification to present a 'trial plan' that describes the issues likely to be presented at trial and tests whether they are susceptible of class-wide proof."  Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment.  However, the Ninth Circuit has stated that "[n]othing in the Advisory Committee Notes suggests grafting a requirement for a trial plan onto [Rule 23]."  Chamberlan v. Ford Motor Co., 402 F.3d 952, 961 n.4 (9th Cir. 2005).

As the text of the Advisory Committee Note suggests, the need for a trial plan often comes up in the context of class certification.  Perhaps it is for this reason that the majority of the cases in this circuit that the Court has identified that make reference to trial plans do so when a court is faced with a motion for class certification.  In this case, the Court certified the Plaintiff class on January 8, 2016 when it issued its Class Certification Order.  See ECF No. 366.

Nevertheless, Lloyds argues that "trial plans are useful beyond attempting to demonstrate that criteria for class certification are met in a pre-certification phase," and that ordering a trial plan at this stage in the litigation "is within

- 5 -

the Court's inherent authority to continuously manage this class action." Reply at 2-3. Lloyds points to a Seventh Circuit case where the district court instructed plaintiffs to submit a trial plan after the court had certified the class, and later decertified the class because the plaintiffs' trial plan was "infeasible." See Espenscheid v. DirectSat USA, LLC, 705 F.3d 770, 773, 775 (7th Cir. 2013). In that case, the class consisted of 2,341 members; Defendant had allegedly committed multiple types of violations under both federal and state laws, requiring the court to divide the class into at least three subclasses; and the complexity and variance in damages across class members required bifurcation of liability and damages issues. Id. at 775. It was after the judge had proposed bifurcating the trial and dividing the class into subclasses that she then requested plaintiffs to submit a trial plan detailing how they would try the case within the framework she had established. Id.

     As Plaintiffs in the instant action argue, however, this case involves only two claims and no subclasses, and proof of liability and damages is straightforward and achievable through common evidence. Opposition at 10. In other words, this case does not involve the level of complexity that required the district court in Espenscheid to call for a trial plan at a later stage in the proceedings, after the class had been

certified.  Here, the Court has determined that the class members have loans with the same interest rate definition; that Lloyds calculated the Cost of Funds in the same manner for all class members; and that no issue exists with regard to what oral representations Lloyds may have made to individual borrowers regarding the loan documents.[1]  The Court has also found that the "key legal issue" – whether Lloyds permissibly passed on the "liquidity transfer pricing" ("LTP") charge to borrowers by including it in the Cost of Funds – is common to all class members.  Class Certification Order at 14.  Thus, the Court can identify no problems with individualized proof that would require a trial plan at this stage in the litigation.

Furthermore, the information Lloyds seeks to elicit from Plaintiffs' trial plan is already subject to disclosure pursuant to this Court's Scheduling Order and the district's Local Rules.  With respect to witnesses, the Scheduling Order requires each party to submit a "comprehensive witness list indicating the identity of each witness that the party will call at trial and describing concisely the substance of the testimony to be given and the estimated time required for the testimony of

---

[1] See Order Denying Plaintiffs' Motion for Partial Summary Judgment on Their and the Putative Class's Claim for Breach of Contract on Count I, Denying Plaintiffs' Request for Declaratory Relief, Granting in Part and Denying in Part Defendant's Motion for Summary Judgment, and *Sua Sponte* Granting Partial Summary Judgment to Plaintiffs on Count II at 14 n.7, ECF No. 419; Class Certification Order at 14, 17.

the witness on direct examination." Fifth Am. Rule 16 Scheduling Order ("Scheduling Order") ¶ 21, ECF No. 441; see also L.R. 16.6(i) (requiring the parties to submit pretrial statements containing "[a] list of all witnesses likely to be called at trial, except for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given"); L.R. 16.6(t) (requiring the parties to provide "[a]n estimate of the number of court days expected to be required for the presentation of each party's case"). The Scheduling Order further requires a party to give to the opposing party the names of witnesses who will be called to testify the following day at trial. Scheduling Order ¶ 23.

   The Scheduling Order also instructs the parties to file trial briefs "on all significant disputed issues of law, including foreseeable procedural and evidentiary issues, setting forth briefly the party's position and the supporting arguments and authorities." Id. ¶ 29. Additionally, the parties are required to provide in their pretrial statements "[a] list of all documents and other items to be offered as exhibits at the trial, except for impeachment or rebuttal, with a brief statement following each, describing its substance or purpose and the identity of the sponsoring witness." L.R. 16.6(j). Such information will enable Lloyds to discern the "other

- 8 -

evidence Plaintiffs intend to rely upon in their case-in-chief," as well as "the proposed methodology for proving both liability and damages on a classwide basis." See Motion at 7.

Plaintiffs also contend that Lloyds is already aware of the methodology Plaintiffs' damages expert, Michael Petley, will use to calculate class damages, as this information was disclosed to Lloyds last year in an expert report. Opposition at 3; see also Ex. A to Decl. of Michael Petley ("Petley Report") at 37-40, ECF No. 329. Plaintiffs state that Mr. Petley will use the same methodology to calculate damages for each loan in the class, meaning that there will be no problems with individualized proof of damages. Id. For its part, Lloyds contests that it was made fully or properly aware of this methodology and disagrees that Plaintiffs are entitled to present such expert testimony or calculations at trial. Reply at 6 n.2. Indeed, Lloyds alludes to the possibility that it may file a Daubert motion prior to trial. Id.

However, Plaintiffs' disclosure of the evidence they intend to use to prove liability and damages on a classwide basis and Defendant's objections to such use are two separate matters. While Defendant is correct that it may contest the admissibility of the Petley Report, the issue presently before the Court concerns what information Plaintiff should be required to disclose to Lloyds prior to trial. Lloyds' Motion requests a

- 9 -

"proposed methodology for proving . . . damages on a classwide basis." Motion at 7. The report specifically lists all of the information Mr. Petley will require in order to compute damages and provides a detailed explanation of how Mr. Petley will use this information in his damages calculations.[2] Petley Report at 38-40. Because this information adequately addresses Lloyds' request, the Court will not require Plaintiffs to provide any additional information addressing this point in a trial plan.[3]

Finally, Lloyds expresses a concern that if the Dominicks are permitted to participate as members of the class in the instant litigation, Lloyds will be entitled to introduce evidence regarding certain "unique defenses which disqualified the Dominicks from representing the Class in the first place." Reply at 4-5. Lloyds maintains that this situation creates an obvious conflict that has the potential to both prejudice the class claims and threaten Lloyds' due process rights. Id. at 5. In order to address this issue, the Court has contemporaneously

---

[2] The Petley Report also states that it includes as an attachment an Excel spreadsheet that uses information obtained about the Willcox loans in order to provide an example of how Mr. Petley intends to calculate damages for each of the loans in the class. Petley Report at 39-40. The Excel spreadsheet does not appear to have been filed with the Court, however.

[3] The Court notes that in a Minute Order filed contemporaneously with the instant Order, it has instructed Plaintiffs to file a supplemental expert witness report detailing how Mr. Petley intends to calculate damages for each member of the class, using the methodology outlined in his initial report dated May 20, 2015. See ECF No. 472; see also Petley Report at 37-40.

filed a Minute Order bifurcating (1) all issues and defenses common to all class members, and (2) any claims or defenses involving individual class members that are not common to the class, including the "unique defenses" Lloyds intends to raise against the Dominicks.  See ECF No. 472.

Any remaining questions Lloyds has with regards to how the Dominicks will be participating in the class action will be addressed by the materials that are yet to be filed in this case.  The witness disclosures Plaintiffs will be required to make pursuant to the Scheduling Order will contain a summary of the substance of the Dominicks' testimony, and Plaintiffs' trial brief will address any "foreseeable procedural and evidentiary issues," including any irregularities that may arise as a result of Lloyds' "unique defenses" against the Dominicks.  The Court therefore declines to require Plaintiffs to provide further information in a trial plan regarding the Dominicks' role in the class or at trial.

## CONCLUSION

For the foregoing reasons, the Court DENIES Lloyds' Motion to Compel Plaintiffs to Present a Trial Plan.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, August 15, 2016.



```
                          _____
                          Alan C. Kay
                          Sr. United States District Judge
```

Willcox v. Lloyds TSB Bank, plc, et al., Civ. No. 13-00508 ACK-RLP, Order Denying Defendant's Motion to Compel Plaintiffs to Present a Trial Plan.