IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

————————————————————————  )
                                        )
BRADLEY WILLCOX, FRANK DOMINICK,   )
and MICHELE SHERIE DOMINICK,        )
                                        )
               Plaintiffs,          )
                                        )
v.                                  )  Civ. No. 13-00508 ACK-RLP
                                        )
LLOYDS TSB BANK, PLC and DOES       )
1-15,                               )
                                        )
               Defendants.          )
————————————————————————  )

**ORDER DENYING PLAINTIFFS' PROPOSED *CY PRES* REMEDY AND DIRECTING REVERSION OF UNCLAIMED FUNDS TO DEFENDANT**

    For the reasons set forth below, the Court DENIES

Plaintiffs' proposed distribution of unclaimed funds to EAH

Housing, Honolulu Hawaii and DIRECTS that any unclaimed judgment

funds revert to Defendant.

**BACKGROUND**

    The instant case involves the issuance by Defendant

Lloyds TSB Bank plc, now known as Lloyds Bank plc ("Lloyds"), of

certain dual currency loans, also referred to as International

Mortgage System ("IMS") loans.  The Court and the parties are

familiar with the extensive factual and procedural history of

this case, and the Court will not repeat it here except as

necessary.[1]

---

[1] The Court incorporates by reference its Order Preliminarily
Approving Defendant's Offer of Compromise, Preliminarily

- 1 -

On September 11, 2016, Lloyds signed and delivered to Plaintiffs' counsel an Offer of Compromise by Lloyds Pursuant to Federal Rule of Civil Procedure 68 ("Offer of Judgment").  Decl. of Glenn T. Melchinger ¶ 3, ECF No. 539-1.  Plaintiffs' counsel signed the Offer of Judgment and delivered it upon the Court on September 22, 2016.  ECF No. 539.  The Court held a hearing on December 7, 2016 to determine whether the Offer of Judgment is "fair, reasonable, and adequate," in accordance with Rule 23(e)(2), and on December 14, 2016, the Court entered an Order Preliminarily Approving Defendant's Offer of Compromise, Preliminarily Approving Plaintiffs' Motion to Approve and Enter Judgment, Preliminarily Approving Plaintiffs' Request for Attorneys' Fees and Costs, and Preliminarily Approving Plaintiffs' Request for Incentive Award for Class Representative ("Preliminary Approval Order").[2]  ECF No. 569.

---

Approving Plaintiffs' Motion to Approve and Enter Judgment, Preliminarily Approving Plaintiffs' Request for Attorneys' Fees and Costs, and Preliminarily Approving Plaintiffs' Request for Incentive Award for Class Representative.  See ECF No. 569.

[2] Pursuant to the Class Action Fairness Act ("CAFA"), this Court directed Lloyds to serve the appropriate notice required by 28 U.S.C. § 1715(b).  ECF No. 569 at 40.  Lloyds has certified that it had served the Federal Reserve Bank of New York on December 21, 2016.  ECF No. 570.  However, until the 90-day required notice period under CAFA expires on March 21, 2017, this Court may not enter final approval of the Offer of Judgment.  See 28 U.S.C. § 1715(d).  Thus, no part of this Order shall be construed as giving final approval.

The Court also instructed Plaintiffs' counsel during the hearing, in its Preliminary Approval Order, and in a minute order to submit a memorandum regarding a *cy pres* remedy to address the funds intended for the four borrowers that the third party settlement administrator was unable to locate, which funds will remain unclaimed in the event that the proposed Offer of Judgment is approved and the funds are distributed.  See Preliminary Approval Order at 40 n.6; ECF No. 571.  On December 28, 2016, Plaintiffs filed a Supplemental Memorandum Regarding Plaintiffs' Petition in Support of Distribution of Fees and Expenses, proposing that "any residual proceeds resulting from uncashed checks be distributed to EAH Housing Hawaii as *cy pres*."  ECF No. 572 at 2.  Lloyds filed a response on January 6, 2017, ECF No. 573, and Plaintiffs did not file a reply.

## DISCUSSION

"Federal courts have broad discretionary powers in shaping equitable decrees for distributing unclaimed class action funds."  Six Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1307 (9th Cir. 1990).  "The district court's choice among distribution options should be guided by the objectives of the underlying statute and the interests of the silent class members."  Id.  "The court's alternatives include[]: (1) *cy pres* or fluid distribution, (2) escheat to the government, and 3) reversion to defendants."  Id. (citing 2

- 3 -

*Newberg on Class Actions* § 10.17 at 373-374).   Plaintiffs have also affirmatively stated that they do not seek a pro rata distribution here as it would be impractical.[3]   ECF No. 572 at 2. As neither Plaintiffs nor Lloyds requests that the unclaimed funds escheat to the government, the Court will only consider a *cy pres* distribution or reversion to Lloyds.

Plaintiffs have proposed distributing the unclaimed judgment proceeds to EAH Housing, Honolulu Hawaii as a *cy pres* recipient, asserting that the claims at issue relate to housing and mortgages.   ECF No. 572 at 3; Rough Tr. of Hearing 18:1-2. The Ninth Circuit has directed that *cy pres* distributions must "account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity." Nachshin v. AOL, LLC, 663 F.3d 1034, 1036 (9th Cir. 2011). There must be a "driving nexus between the plaintiff class and the *cy pres* beneficiaries," id. at 1038, and proposed awards are inappropriate where they fail to provide reasonable certainty that any member will be benefitted.   See id. at 1040.

---

[3] Pro rata distribution also may not be appropriate because, as some courts have noted, redistributing the claims pro rata to the claiming class members might give them a windfall and encourage class actions likely to result in large uncollected damage pools.   See, e.g., Van Gemert v. Boeing, 739 F.2d 730, 815-16 (2d Cir. 1984); see also Hayes v. Arthur Young & Co., 34 F.3d 1072, at *17 (9th Cir. 1994) (unpublished table decision).

Here, plaintiffs assert that EAH Housing is "one of
the largest and most respected nonprofit housing development and
management organizations in the western United States," and "is
clearly 'tethered to the nature of the lawsuit'".  ECF No. 572
at 3.  However, Lloyds has raised doubts about the
appropriateness of EAH Honolulu as an appropriate *cy pres*
recipient, arguing that it fails to target the geographic
distribution of the plaintiff class and because nonprofit
housing is insufficiently tethered to the underlying breach of
contract issues here.  ECF No. 573 at 5-7.

With respect to the geographic distribution of the
class, the Court notes that the class certified was limited to
U.S. or Canadian citizens or entities who were "residents or
citizens of the State of Hawaii, or owners of property in Hawaii
that was mortgaged to secure any such IMS loan."  ECF No. 366 at
2-3, 21.  As the class definition was limited to individuals
with a connection to Hawaii, awarding the remaining funds to a
Hawaii organization would appear to account for the interests of
the class.  See Harlan v. Transworld Sys., Inc., No. 13-5882,
2015 WL 505400, at *10 (E.D. Pa. Feb. 6, 2015) (finding that
limiting the *cy pres* award to programs in Philadelphia matched
the geographic scope of the lawsuit where class was defined by
persons with addresses in Philadelphia).  In addition, where the
unclaimed funds are limited, as they are here, courts have

- 5 -

allowed funds to be directed to a more narrow geographic area where they can be more impactful.  See, e.g., In re Citigroup Inc. Sec. Litig., --- F. Supp. 3d. ---, 07-CV-9901, 2016 WL 4198194, at *7 (S.D.N.Y. Aug. 9, 2016).

Turning next to the nexus between the proposed *cy pres* recipient and the nature of the lawsuit, Plaintiffs appear to rely primarily on the fact that a district court in California approved EAH Housing of California as a *cy pres* recipient in a "nearly identical" matter, Dugan v. Lloyds TSB Bank, PLC, Case No. 12-cv-02549 (N.D. Cal.).  ECF No. 572 at 3.  In that case, the parties appear to have specified the *cy pres* recipient as part of the settlement agreement itself.  See Dugan, No. 12-cv-2937 (N.D. Cal.), ECF Nos. 429-3 at 3, 437 at 4.  Although the Dugan matter appears to involve similar issues, the Court is unable to discern the district court's reasons for approving the *cy pres* recipient, and as such, the award is not persuasive on its own.

In Dennis v. Kellogg Co. the Ninth Circuit found an insufficient nexus where the claims at issue involved deceptive advertising of food products, and the proposed *cy pres* recipients were charities who provided food for the indigent. 697 F.3d 858, 867 (9th Cir. 2012).  The court concluded that the case was not about the nutritional value of food, as the defendants asserted, but rather the way that the food was

- 6 -

marketed, which included claims about the effect on children's cognitive performance.  Id.  The court then determined that the appropriate recipients were organizations dedicated to protecting consumers from false advertising, not charities which provide food for the needy.  Id.  The Court finds that nexus here between EAH Housing and the nature of the lawsuit is somewhat similar to the nexus in Dennis, which the Ninth Circuit found insufficient.  Although both EAH Housing and the contracts at issue here relate to housing, the core of this case is about Lloyds' lending practices, not low-income housing development.  As such, Dennis suggests that a *cy pres* distribution to EAH Housing, Honolulu may not be an entirely appropriate mode of distributing the unclaimed funds.

Instead of distributing the unclaimed funds to a *cy pres* recipient, Lloyds requests that the unclaimed funds revert to it.  ECF No. 573 at 8.  "Reversion to the defendant may be appropriate when deterrence is not a goal of the statute or is not required by the circumstances."  Six Mexican Workers, 904 F.2d at 1308.  In Van Gemert v. Boeing, the Second Circuit affirmed reversion of unclaimed funds to the defendant where the Special Master concluded that a defendant in a private breach of contract action should not have to pay more than the amount claimed and had not acted in bad faith.  739 F.2d 730, 737 (2d Cir. 1984).  The Fifth Circuit has also recognized that

defendants may retain an equitable interest in remaining funds where the purpose of the statute is compensatory and the defendant otherwise has clean hands.  Wilson v. Southwest Airlines, Inc., 880 F.2d 07, 815 (5th Cir. 1989) (accounting for "the good-faith nature of the violation, Southwest's straightforward conduct of the litigation, [and] its commendable efforts to bring policies into compliance with the law").

This Court agrees that reversion is the appropriate remedy here.  As the claims in this case involve breach of contract, damages are compensatory.  Lloyds has not been found liable on any claims, and there does not appear to be any deterrence or punitive purpose to the claims, nor does there appear to be a broader public interest that would be furthered by disallowing reversion.  See Six Mexican Workers, 904 F.2d at 1308; Van Gemert, 739 F.2d at 737.  Allowing reversion of a small amount of unclaimed funds also will not affect the interests of the other class members, who will each receive a proportionate share of the judgment funds, assuming the Court enters final approval of the Offer of Judgment.[4]

Although "[r]eversion to the defendant risks undermining the deterrent effect of class actions by rewarding defendants for the failure of class members to collect their

---

[4] See Newberg on Class Actions § 12.30 (5th Ed. 2016) (concluding that "the settlement fund does not truly belong to the class as a whole, but rather to the class members individually.")

share of the settlement," _In re Baby Prods. Antitrust Litig._, 708 F.3d 163, 172 (3d Cir. 2013), the Court nevertheless concludes that the amount of unclaimed funds here is small enough that the risk of a deterrent effect is likewise small. Indeed, Lloyds has provided evidence of the good-faith efforts undertaken to locate the absent class members, _see_ ECF No. 573-2 (Decl. of Kelly Kratz), and does not appear to seek reversion in order to avoid its responsibilities under the Offer of Judgment.

Accordingly, and in view of the Court's broad discretionary power to distribute unclaimed funds, the Court rejects Plaintiffs' proposal to distribute as *cy pres* any residual judgment proceeds and directs that any unclaimed funds revert to Lloyds.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 6, 2017.

Alan C. Kay
Sr. United States District Judge

Willcox v. Lloyds TSB Bank, PLC, et al., Civ. No. 13-00508 ACK-RLP, Order Denying Plaintiffs' Proposed *Cy Pres* Remedy and Directing Reversion of Unclaimed Funds to Defendant.

- 9 -